## TOLOTTI v. EQUITABLE REAL ESTATE & INVESTMENT CO. et al.

No. 4454.   Decided October 3, 1927.   (260 P. 415.)

*King & Schulder,* of Salt Lake City, *Knox Patterson,* of Moab, and *Harmel Pratt,* of Price, for appellant.

*L. A. McGee,* of Price, for respondents.

STRAUP, J.

This case was tried to the court and a jury, and resulted in a verdict in favor of the defendants. The plaintiff appeals. The assignments of error relate to portions of the court's charge to the jury and to the court's refusal to charge as requested by the plaintiff.

In the complaint it is alleged that the plaintiff, who was about to purchase real estate from one, Wood, employed the defendants to examine the records of the county recorder to ascertain and advise the plaintiff if the property was clear and free of liens and incumbrances and agreed to pay and paid the defendants a fee therefor; that the defendants examined, or pretended to examine, such records, and advised the plaintiff that Wood owned and had the right to sell the property, and that it was free and clear of all liens and incumbrances, and that, in reliance on such statements, the plaintiff paid the purchase price for the property amounting to $1,675, and took a warranty deed from Wood; that in truth and in fact there was of record a lis pendens of which plaintiff had no knowledge showing a pending action involving Wood's title to the property and a claim that his immediate grantor was not, but that another was the owner

and entitled to the possession of the property. It further is alleged that the defendants at the time of the examination of the records well knew, or by the exercise of reasonable care should have known, of the lis pendens on record, and that it constituted a cloud on the title, and either carelessly and negligently failed and omitted to properly examine the records, or wilfully and wrongfully concealed from the plaintiff all knowledge of such lis pendens, and that the title was not free and clear of all incumbrances; that in the pending action a judgment was had in this court (*Lawley* v. *Hickenlooper*, 61 Utah 298, 212 P. 526), whereby it it was adjudged that one, Lawley, and not the grantor of Wood was the owner of the property and entitled to the possession of it, by reason of which plaintiff's deed from Wood was worthless and the plaintiff evicted from the premises, and that, because of the wrongful and negligent conduct of the defendants, the plaintiff was damaged in the sum of $1,675, the purchase price paid by her, and in the further sum of $568 expended by her on the property, none of which could be recovered back from Wood because of his insolvency. All of the material allegations of the complaint were denied by the defendants.

On the record it is undisputed that the lis pendens was of record at the time of and prior to plaintiff's purchase of the property, and that she was evicted from the premises because Wood, her grantor, was not the owner of the property, and that the purchase price paid and the costs of the improvements made by her were wholly lost. Plaintiff testified, as did also her husband and Wood, that she requested the defendants to examine the records to see whether Wood was the owner of the property and had the right to sell and convey it, and whether it was free and clear of liens and incumbrances, and that the defendant Lee, the president of the other defendant, stated that he would do so; that in pursuance thereof he left the parties and went to the courthouse to examine the records, and on his return reported to plaintiff that Wood was the owner, that he had good right

to sell and convey it, that the property was clear and free of all liens and incumbrances, and that he did not say anything about the lis pendens on record nor as to any action pending or proceeding in any way involving the property; that, in reliance of what Lee had reported and stated, and having no knowledge of the lis pendens, or that the property in any way was involved in litigation, the plaintiff paid the purchase price and took a deed from Wood, believing that he had a good title and that the property in every way was clear and free of all incumbrances, and that she would not have purchased the property had she known of the pending action or that there was any question as to Wood's title or right to sell and convey the property free and clear of all liens and incumbrances.

Lee, the president of the company, testified that the plaintiff, her husband, and Wood came to his office, and that Wood stated that the Tolottis were the persons who had agreed to buy the property, and asked that the witness make a deed; that the plaintiff told the witness to make "the papers right," and that the witness replied that he would try to do so, and stated that there was some discrepancy in the description, and that he would go to the courthouse and check it up on the ownership plat book; that he went to the courthouse, got the description, was gone about 15 minutes, and when he returned he stated what the correct description was, and that, upon being asked whether there was a mortgage against the property, he stated that there was a mortgage, but that Wood had paid it off. He further testified that he had such knowledge, not from the records, but from the fact that the transaction of payment was had in his office; that he told the plaintiff "this land had been involved in a lawsuit and has been tried in the district court and Sheya (Wood's grantor) has been given a verdict; it is not clear in my mind whether I said the case would be appealed or not, but I did tell them that the case had been decided in favor of Sheya; then Wood spoke up, and said, 'Yes;' " and that Wood further stated that, after

the case was decided, he finished paying the contract and took a deed to the property from Sheya. Lee further testified that the plaintiff at no time had asked him to look up the record or to give an opinion as to the title, and that he at no time was employed, and received no compensation for such purpose. His son testified that his father told Wood that there was some kind of a suit on the property, and that Wood became frightened owing to the fact that he had purchased property that had a cloud on the title; that Wood later came in the office with the Tolottis and said that they were the persons he had referred to and wanted a deed made out; that "I am not sure whether father started to prepare the deed or went to the courthouse first; father told them there had been some lawsuit and it had been decided in favor of the defendants [one of them Wood's grantor], and that he didn't think it was of enough consequence for anything to come out of it; he really didn't think he had a good enough case to appeal; if he had, don't suppose he would have let it go on;" and that the Tolottis at no time during the conversation had asked his father to examine the title.

However, the plaintiff, her husband, and Wood testified that Lee went to the courthouse, not to check up the description, but at the instance and request of plaintiff to examine the records and see whether Wood had a good title and right to sell and convey the property free and clear of all incumgrances, and that Lee returned and said that Wood was the owner of the property and had a good title and right to convey free and clear of all liens and incumbrances, that there was not anything against it, and that he stated nothing as to any lis pendens on record, or as to any pending suit, or that the property was or had been in litigation. Thus as to such matters the evidence is in direct conflict.

The court, after stating the issues as presented by the pleadings, charged:

"The issues for you to determine in this case are: (a) Was the defendant, Arthur J. Lee, as president and agent of the defendant

corporation, employed by the plaintiff to examine the abstract of title to the said property in the records kept by the county Recorder of Carbon county, and to ascertain and advise the plaintiff if the said property was actually owned by the said Nathan Wood and if the same was clear and free from all liens and incumbrances affecting such title? (b) Did the said Arthur J. Lee thereupon examine or pretend to examine the said public abstract of title and advise and represent to the plaintiff that the said property was clear and free from all liens and incumbrances and that the said Nathan Wood owned the same and had a good right to sell the same? (c) Did the plaintiff rely solely and exclusively upon the assurances of the said Arthur J. Lee that the title to said property was free and clear from liens and incumbrances, and did she, because of such assurances, purchase the said property and pay therefor the sum of $1,675? (d) Was the said plaintiff without any information whatsoever as to the existence of any liens or incumbrances upon the said title at the time the said purchase was made and the said amount of money paid by the plaintiff, and were the representations of the said Arthur J. Lee, if you shall find from the preponderance of the evidence that such representations were made such as would mislead a person of reasonable prudence to feel that the title was clear? (e) Was there, at the time when the said purchase and sale were made, of record in the public abstract of the title book in the office of the said county recorder of Carbon county, Utah, notice of lis pendens incumbering and clouding the title to the said premises? (f) ·If you shall find that all of above issues have been proved by the plaintiff by a preponderance of the evidence in the case, then it will be your duty to find for the plaintiff and assess the damages against the defendants in such sum as you shall find from a preponderance of the evidence that the said plaintiff suffered by reason of the said acts of defendants, not exceeding the sum of $1,675, with interest from October 10, 1921. (g) If you shall find the said above issues have not been proved by a preponderance of the evidence in the case, then it will be your duty to find for the defendants no cause of action."

The court also charged that, by virtue of the decision of the Supreme Court of this state in the case of *Lawley* v. *Hickenlooper* it was determined that the plaintiff had acquired no title to the property purchased by her from Wood; that a lis pendens is a notice of the pendency of an action or legal proceeding affecting the title to real property, and is

for the purpose of informing persons that the title is involved in litigation; that the lis pendens on file was in form as required by law; and that it was admitted that it was duly entered in the abstract records in the office of the county recorder on and prior to the time the property was purchased from Wood by plaintiff.

The plaintiff requested the court to charge:

"(2) The court instructs you that, if you shall find from a preponderance of the evidence in this case that the plaintiff engaged the defendants or either of them to examine the title records in the office of the county recorder of Carbon county, Utah, and ascertain and advise her as to whether the property involved was clear or incumbered, and if you shall further find from a preponderance of the evidence that the defendant, Arthur J. Lee, accepted such service in behalf of the plaintiff and thereafter, and before the payment by the plaintiff of the purchase price of the property, either actually examined such records or pretended to the plaintiff that such examination was made by him and that the title to said property was all right or clear, and that the said Arthur J. Lee failed to inform the plaintiff of the pendency of the lawsuit affecting such property or of the lis pendens of record giving notice of the pendency of such lawsuit, and if you further find from a preponderance of the evidence that the plaintiff, in ignorance of the pendency of such lawsuit, and in reliance upon the report of said Arthur J. Lee that the property was clear, provided you find from a preponderance of the evidence that such report was made by him to the plaintiff, then I charge you that, if the plaintiff purchased and paid for the property under those circumstances, the defendant, Arthure J. Lee, was guilty of deceit, and the plaintiff should recover against him whatever loss you may find from a preponderance of the evidence was sustained by her by reason of such purchase, not exceeding the amount of damage claimed by her in the complaint and established by the evidence before you."

"(4) The court instructs you that, if you shall find from a preponderance of the evidence that the plaintiffs engaged the services of the defendant, Arthur J. Lee, to examine the title to the property in question and to inform them of the results of such examination and that said Arthur J. Lee assumed to make such examination and did become possessed of knowledge of the pendency of the Lawley suit affecting such title and described or referred to in the lis pendens referred to in this action, and if you shall further

find from a preponderance of the evidence that the said Arthur J. Lee concealed or secreted such knowledge from the plaintiff, or that he represented to the plaintiff that such title was clear or all right, and the plaintiff, in ignorance of the fact that such property was not clear but was incumbered and clouded by the such lis pendens of record in the office of the county recorder of Carbon county, Utah, then your verdict should be for the plaintiff and against the defendant, Arthur J. Lee, and, if you shall so determine that the plaintiff is entitled to recover against Arthur J. Lee and shall further find from a preponderance of the evidence that at and prior to the purchase of the property by the plaintiff the said Arthur J. Lee was the president of Equitable Real Estate & Investment Company and that the services undertaken by him in connection with the plaintiff's purchase was rendered for and on behalf of such defendant corporation as its officer or agent, then your verdict should be against both defendants.

"(5) The court instructs you that, if you shall find from a preponderance of the evidence that misrepresentation of the condition of the title involved was in fact made by the defendant, A. J. Lee, or that said A. J. Lee stated to the plaintiff that the title was clear or all right, and if you shall further find from a preponderance of the evidence that said A. J. Lee then knew the title to be clouded with the lis pendens of record in the office of the county recorder of Carbon county, Utah, or that he then knew of the pendency of the Lawley suit affecting such title, and you should further find that such representations or misrepresentations, if made, were intentionally false and made for the purpose of deceiving the plaintiff, and if you further find from a preponderance of the evidence that the plaintiff was ignorant of the fact that the records of said Carbon county disclosed the lis pendens giving notice of the pendency of the Lawley suit, and that the plaintiff in reliance upon the representations of the said A. J. Lee, and believing the title to be clear and all right, then your verdict should be for the plaintiff and against the defendant, A. J. Lee, and, if you further find that said A. J. Lee was at the time the president of the Equitable Real Estate & Investment Company and rendered such services as such officer or employee of the defendant corporation, then your verdict should be against both defendants."

"(7) The court instructs you that, even though you should believe and find from a preponderance of the evidence in this case that the defendant, Arthur J. Lee, did not design or believe that the plaintiff would suffer a loss in the purchase of the property involved, but that the said defendant negligently failed to impart to

the plaintiff knowledge possessed by him and that the title was clouded by the Lawley suit, and which knowledge the plaintiff was entitled to receive from him, nevertheless the plaintiff should recover if you find that she was ignorant of the defect in the title and purcrased the property in reliance upon the investigations and representations of said A. J. Lee, provided you shall find from a preponderance of the evidence that representations were made which would mislead a person of reasonable prudence to feel that the title was clear."

The requests were refused; the court noting on each, "Given in substance."

Two contentions are made by appellant: (1) That the court erred in the charge (a) and (f), in which it was in effect charged that, to entitle the plaintiff to recover, it was essential for the jury to find that the defendants were "employed by the plaintiff to examine the abstract of title," etc., and by (g) that, if such issue, among others, was not proved by a preponderance of the evidence, it was the duty of the jury to find in favor of the defendants; and (2) that the substance of plaintiff's requests was not given. We think the contentions are well founded.

In support of the charge, the defendants urge that the plaintiff by her complaint alleged that the defendants were employed by the plaintiff and as in the charge stated, and hence the plaintiff could not complain because the court by the charge made such alleged fact or factor an essential to plaintiff's right of recovery. But therein the court erred. The complaint was broad enough to entitle the plaintiff to recover though there was no such employment. The complaint is not bottomed on a breach of contract or of contractual relations, but on misrepresentation and deceit. The employment was alleged to show a duty owing from the defendants and as bearing on plaintiff's right to rely on whatever representations may have been made to her by the defendants as to the title. In other words, though the defendants were not employed to examine the records, yet

if they, to deceive the plaintiff, and to induce her to purchase the property, knowingly made false statements and representations as to the title, as testified to by the plaintiff, or made representations with respect thereto concerning which they had no knowledge, with the intention to induce the plaintiff to rely on such statements, and if upon reliance thereon the trade was brought about by such means and the purchase price paid by her to her injury, the defendants would be liable for whatever damages the plaintiff sustained by reason thereof. The complaint is broad enough to have entitled the plaintiff to go the the jury on such theory as well as on the theory that the defendants were engaged or employed for the purpose alleged in the complaint and as testified to by the plaintiff. In line with the theory that the defendants were so employed, plaintiff's requests 2 and 4 evidently were tendered; and, in line with the theory that the defendants were liable though they were not so engaged or employed, plaintiff's requests 5 and 7 evidently were tendered.

To a large extent the substance of requests 2 and 4 were given, yet the element or factor stated therein of whether the defendants had failed to inform the plaintiff of the pendency of the lawsuit affecting the title of the ■ property, or of the lis pendens on record, was not concretely or specifically, as stated in the requests, put to the jury, but merely abstractly or deductively by language of the charge of whether or not the defendants represented to the plaintiff that the property was clear of liens and incumbrances. In other words, such requests, on the theory that the jury found that the plaintiff engaged the defendants or their services to examine the records in the office of the county recorder, asked, among other things, that the proposition be submitted to the jury of whether the defendants had or had not failed to inform the plaintiff of the pendency of the lawsuit affecting the title of the property or of the lis pendens on record, a matter concerning which there was a direct conflict in the evidence, but to so put the proposition

to the jury the court refused, and in such particular submitted it as to whether the defendants were so employed, and, if so whether they had or had not represented that the title of the property was free and clear of liens and incumbrances and not whether they had or had not failed to inform the plaintiff of the pendency of the lawsuit or of the lis pendens on record. In view of the pleadings and of the evidence we think the plaintiff was entitled to have such proposition submitted to the jury, and that in such respect the substance of the requests was not given, except deductively by letting the jury determine whether the pending lawsuit was or was not a lien or an incumbrance on the property, a legal question concerning which the court ought to have advised and directed the jury. In such particular the essential matters claimed and denied were that the defendants were employed or engaged to examine the record as to the title, and whether in the discharge of such duty with reasonable care the entry of the lis pendens was or ought to have been discovered by them, and whether they had or had not failed to inform the plaintiff of such fact, the fact that there was a pending action affecting or involving Wood's title to the property, for, as shown, the plaintiff with knowledge of such fact would not have purchased the property, regardless of whether the lis pendens was or was not technically a lien or an incumbrance. While the court charged the jury that a lis pendens is a notice of the pendency of an action affecting or involving title to real property, yet the plaintiff, on the pleadings and the evidence, was entitled to have the proposition submitted to the jury of whether the defendants or either of them had or had not informed her of the pendency of the action affecting or involving Wood's title or ownership of the property.

Now as to requests 5 and 7: They evidently were presented on the theory already indicated, that, though the defendants were not employed or engaged to examine the records, yet if they, to deceive the plaintiff and to induce her to purchase the property, knowingly made

false statements or representations as to the title, with the intention to influence and induce the plaintiff to purchase the property, and that she, in reliance thereon, purchased it to her injury, the defendants nevertheless were liable; that is to say, under the pleadings and the evidence the plaintiff, though she had not engaged or employed the defendants to examine the records, nevertheless was entitled to go to the jury on the theory of whether the defendants had knowledge of the pendency of the action affecting or involving Wood's title and ownership to the property, and whether, with such knowledge, they falsely represented to the plaintiff as a fact that Wood's title was free and clear of all incumbrances, and, to deceive, mislead, and induce her to purchase the property, fraudulently and willfully withheld from her all knowledge of the pendency of the action and asserted that Wood had good title to the property and the right to convey it free and clear of all liens and incumbrances, and whether she in reliance thereof and without knowledge of the pendency of the action purchased the property to her injury. But the court did not let the plaintiff go to the jury on such theory, but only on the theory that the defendants were employed by the plaintiff to examine the title and to advise her with respect thereto, which, if found by the jury against her, sent her out of court.

The judgment of the court below is therefore reversed, and the cause remanded for a new trial; costs to appellant.

THURMAN, C. J., and GIDEON and HANSEN, JJ., concur.

CHERRY, J., dissenting.